UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SONYA B.,

    Plaintiff,

v.

ANDREW M. SAUL,
Commissioner of Social Security,

    Defendant.

CASE NO. C20-5783-MAT

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1969.[1] She has a seventh-grade education, and previously worked as a certified nursing assistant. (AR 300.)

Plaintiff applied for DIB in September 2017. (AR 240-41.) That application was

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

denied and Plaintiff timely requested a hearing. (AR 147-49, 155-63.)

On April 4, 2019, ALJ Rebecca Jones held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 65-122) On April 26, 2019, the ALJ issued a decision finding Plaintiff not disabled. (AR 35-50.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on June 30, 2019 (AR 1-5), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since October 13, 2016, the alleged onset date. (AR 37.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's degenerative disc disease of the cervical spine status post-fusion; right shoulder tendinopathy; right shoulder joint arthropathy status post-arthroscopic surgery and mild post-operative bursitis; mild right carpal tunnel syndrome; cubital tunnel syndrome/ulnar neuropathy of the right upper extremity with paresthesia; and degenerative disc disease of the lumbar spine. (AR 37-38.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's

impairments did not meet or equal the criteria of a listed impairment. (AR 38-39.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing light work with additional limitations: she cannot climb ladders, ropes, or scaffolds. She can occasionally climb ramps and stairs, and can occasionally stoop, kneel, crouch, and crawl. She cannot reach overhead with her right arm. She can frequently handle, finger, and feel with her right arm. She cannot be exposed to excessive vibrations or hazards. She requires a sit/stand option (the ability to change position after 30-60 minutes for 3-5 minutes while remaining on task). (AR 39.) With that assessment, the ALJ found Plaintiff unable to perform any past relevant work. (AR 47-48.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found Plaintiff capable of transitioning to other representative occupations, such as parking lot cashier, tanning salon attendant, and gate guard. (AR 48-49.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which

supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) excluding mental impairments at step two, (2) assessing certain medical opinions, and (3) discounting Plaintiff's subjective allegations. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

## Step two

Plaintiff challenges the ALJ's finding that Plaintiff did not have any medically determinable mental conditions. (AR 38.) The Commissioner contends that the ALJ's finding is supported by substantial evidence, and that even if the ALJ did err in this respect, no prejudice resulted because Plaintiff has not pointed to any evidence establishing the existence of any workplace limitations that resulted from Plaintiff's mental conditions.

A medically determinable impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques, and established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by a statement of symptoms. 20 C.F.R. § 404.1521. Even if an ALJ does err in failing to include an impairment at step two, such error is properly deemed harmless where the limitations associated with the impairment are considered at step four. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

In her opening brief, Plaintiff points to various references to depression and/or anxiety in the record, arguing that the ALJ should have found that these references were sufficient to establish the existence of her mental impairments. Dkt. 15 at 8 (citing AR 419, 423, 430, 433,

437, 1041-42). She also contends that these impairments led to sleep disruption, agitation, moodiness, and social limitations. Dkt. 17 at 4 (citing AR 713, 776, 835, 842, 858, 863, 1035).

The Commissioner disputes that any of the records cited by Plaintiff contain a diagnosis consistent with "medically acceptable clinical and laboratory diagnostic techniques[,]" which is required to establish the existence of a medically determinable impairment. *See* 20 C.F.R. § 404.1521. The Court agrees that the scant references to anxiety and/or depression in the medical record appear to be based entirely on Plaintiff's report of symptoms, which is insufficient for purposes of step two.

Furthermore, although the record references Plaintiff's sleep disturbances, it is not clear that Plaintiff's sleep problems were related to her mental conditions. (*See* AR 713, 776, 835, 842, 858, 863.) Plaintiff attributed agitation, moodiness, and social limitations to anxiety during only one appointment, which does not satisfy the durational requirement nor does it even necessarily establish that these symptoms would lead to any particular workplace limitations. (AR 1035.)

Because Plaintiff has not shown that the ALJ erred in finding that she did not have any medically determinable mental impairments, or that the record showed she had any particular mental limitations that were omitted from the ALJ's RFC assessment, Plaintiff has not met her burden to show harmful legal error in the ALJ's step-two findings.

<u>Plaintiff's subjective allegations</u>

The ALJ summarized Plaintiff's subjective allegations and explained that she discounted them because (1) Plaintiff declined to treat her pain through either surgery or

medication offered to her, which undermines her allegation of chronic, excruciating pain, and the treatment she did receive was conservative; (2) Plaintiff's pain was not observed or documented by providers in appointment notes, nor did the treatment record document disabling functional limitations; and (3) Plaintiff engaged in a wide variety of activities that contradict the physical limitations she alleges. (AR 40-44.) Plaintiff argues that the ALJ failed to provide clear and convincing reasons to discount Plaintiff's testimony, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

First, Plaintiff argues that because the proposed surgeries "were not sure things, but risk laden[,]" her "refusal should not be held against her." Dkt. 15 at 15. Even if that argument has some merit, it does not explain why the ALJ was unreasonable in finding that Plaintiff's intermittent use of pain medication at times, and her complete lack of pain medication at other times, undermined her allegation of disabling pain. (*See, e.g.*, AR 86-87, 915.) This is a legally sufficient reason to discount Plaintiff's subjective allegations of pain. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).

Second, Plaintiff argues that even if she did not present to appointments in distress, her providers believed her allegations of pain. Dkt. 15 at 15. That may be, but Plaintiff does not show that the ALJ was unreasonable in relying on the providers' notes indicating mostly normal/stable gait and no need for an assistive device, as well as Plaintiff's testimony that she rarely uses a back brace and no longer uses wrist braces. (AR 42.) This reason, along with the ALJ's other reasons, supports the ALJ's assessment of Plaintiff's subjective testimony. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective

medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

Third, Plaintiff contends that the activities cited by the ALJ "could be performed with Plaintiff's neck, right shoulder pain and low back pain because Plaintiff did not have to perform them and could only perform them without a minimal standard and with breaks as needed." Dkt. 15 at 16. But, as the ALJ noted, Plaintiff alleged problems using her hands (AR 295-96, 343), and yet her daughter reported that she crocheted often (AR 328). The ALJ also contrasted the physical movements required for driving with Plaintiff's allegations of problems turning her head and neck and using her hands, as well as concentration deficits. (AR 40, 43.) The ALJ pointed to some activities that were reasonably inconsistent with Plaintiff's alleged limitations, and Plaintiff has not established that the ALJ erred in finding that these inconsistencies undermined her allegations. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills").

Because the ALJ provided multiple clear and convincing reasons to discount Plaintiff's subjective allegations, the Court affirms this portion of the ALJ's decision.

## Medical opinion evidence

Plaintiff argues that the ALJ erred in assessing a State agency consultant's opinion, as well as a treating nurse practitioner's opinion. The Court will address each disputed opinion in turn.

### Legal standards

Because Plaintiff applied for benefits after March 27, 2017, new regulations apply to

the ALJ's evaluation of medical opinion evidence. Under the regulations, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[2] The ALJ must articulate and explain the persuasiveness of an opinion or prior finding based on "supportability" and "consistency," the two most important factors in the evaluation. *Id*. at (a), (b)(1)-(2). The "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" with evidence from other sources, the more persuasive a medical opinion or prior finding. *Id*. at (c)(1)-(2). The ALJ may but is not required to explain how other factors were considered, as appropriate, including relationship with the claimant (length, purpose, and extent of treatment relationship; frequency of examination); whether there is an examining relationship; specialization; and other factors, such as familiarity with other evidence in the claim file or understanding of the Social Security disability program's policies and evidentiary requirements. *Id*. at (b)(2), (c)(3)-(5). *But see id*. at (b)(3) (where finding two or more opinions/findings about same issue equally supported and consistent with the record, but not exactly the same, ALJ will articulate how other factors were considered). Where a single medical source provides multiple opinions or findings, the ALJ conducts a single analysis and need not articulate how each opinion or finding is considered individually. *Id*. at (b)(1).

---

[2] "A prior administrative medical finding is a finding, other than the ultimate determination about [disability], about a medical issue made by our Federal and State agency medical and psychological consultants at a prior level of review . . . in [a] claim based on their review of the evidence in your case record[.]" 20 C.F.R. §§ 404.1513(a)(5), 416.913(a)(5).

State agency consultant

A State agency consultant opined that *inter alia* Plaintiff is limited to occasional reaching in front, laterally, and overhead with the right arm. (AR 130.) The ALJ purported to find this opinion persuasive, but did not fully account for this opinion: the ALJ found that Plaintiff could not reach overhead with her right arm, but did not address reaching in other directions. (AR 39.)

The Commissioner concedes that the ALJ erred in failing to fully account for the State agency opinion, but argues that the error is ultimately harmless because one of the step-five jobs (gate guard) is compatible with the State agency opinion, and that one job exists in significant numbers on its own. Dkt. 16 at 17. Although Plaintiff questions whether the Dictionary of Occupational Titles (DOT) "speak[s] for itself" and insists that VE testimony would be necessary to determine whether a particular job is compatible with a reaching limitation (Dkt. 17 at 5), Plaintiff is mistaken: the DOT explicitly references reaching requirements and lists the gate guard job as requiring occasional reaching, which would be compatible with the State agency opinion. *See* DOT 372.667-030, 1991 WL 673099 (definition of gate guard job). The VE testified that there are 69,000 national gate guard jobs (AR 110-11), which is a significant number. *See Gutierrez v. Comm'r of Social Sec. Admin.*, 740 F.3d 519, 528-29 (9th Cir. 2014) (finding 25,000 to be a significant number of national jobs). Thus, because at least one of the jobs identified at step five is consistent with the State agency opinion and exists in significant numbers, the Court finds that the ALJ's error with respect to the State agency opinion is harmless. *See Shaibi v. Berryhill*, 883 F.3d 1102, 1110 n.7 (9th Cir. 2017).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -9

Laura Raykowski, ARNP

Ms. Raykowski, Plaintiff's treating nurse, completed a form opinion in March 2019 describing multiple disabling limitations. (AR 1046-48.) The ALJ summarized the opinion and explained that she found it unpersuasive because (1) "it appears to have been completed in collaboration with the claimant, e.g., largely in reliance on the claimant's self-reported symptoms and limitations rather than on objective medical findings"; (2) the opinion was unsupported by and inconsistent with the longitudinal record and Plaintiff's demonstrated functional abilities; (3) the opinion is inconsistent with Ms. Raykowski's prior opinion from 2018, wherein she agreed that Plaintiff was medically cleared to pursue gainful employment, with overhead movement precluded on the right; and (4) Ms. Raykowski's opinion is inconsistent with other medical opinions. (AR 46.)

Plaintiff argues that the ALJ's rationale for finding Ms. Raykowski's opinion unpersuasive is not adequate because the opinion is informed by Ms. Raykowski's longstanding treating relationship. Dkt. 15 at 12. Ms. Raykowski is indeed a treating source, but that status does not require an ALJ to credit any opinion she signs. *See, e.g.*, *Thomas*, 278 F.3d at 957 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.").

Moreover, the ALJ's reasons explain why she found Ms. Raykowski's opinion to be unpersuasive with reference to supportability and consistency, as required under the new regulations. Even if the Court continued to apply Ninth Circuit cases predating the new regulations, the ALJ's reasons would be sufficient. Ms. Raykowski cited Plaintiff's pain as

the basis for her limitations (AR 1048), which supports the ALJ's finding that the opinion relies on Plaintiff's self-reporting rather than objective findings. Because the ALJ properly discounted Plaintiff's subjective reporting, the ALJ did not err in finding a medical opinion that relies on Plaintiff's subjective reporting to be unpersuasive and unsupported. *See, e.g.*, *Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) ("As the district court noted, however, the treating physician's prescribed work restrictions were based on Bray's subjective characterization of her symptoms. As the ALJ determined that Bray's description of her limitations was not entirely credible, it is reasonable to discount a physician's prescription that was based on those less than credible statements.").

Furthermore, the ALJ also pointed to evidence inconsistent with Ms. Raykowski's opinion, namely her own prior 2018 opinion that Plaintiff could work with some right shoulder limitations, which contradicts Ms. Raykowski's claim in the 2019 opinion to describe limitations that have existed since "[p]robably June 2017[.]" (AR 1047.) The 2019 is also unsupported by and/or inconsistent with the longitudinal record, as the ALJ found that Plaintiff's declining to treat her pain via surgery or medication undermined her allegations of constant and excruciating pain. (AR 41.) These inconsistencies would also constitute a specific, legitimate reason to discount Ms. Raykowski's opinion. *See Tommasetti*, 533 F.3d at 1041 (not improper to reject an opinion presenting inconsistencies between the opinion and the medical record).

Thus, whether the Court reviews the ALJ's assessment of Ms. Raykowski's opinion under the new regulations or Ninth Circuit case authority, the Court affirms the ALJ's assessment of Ms. Raykowski's opinion.

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 28th day of April, 2021.

Mary Alice Theiler
United States Magistrate Judge